**CENTRAL LINE TRACTOR & EQUIPMENT COMPANY, Appellee,**

**v.**

**RAPP, Appellant.**

[Cite as *Cent. Line Tractor & Equip. Co. v. Rapp* (1992), 84 Ohio App.3d 198.]

Court of Appeals of Ohio,
Warren County.

No. CA92–05–043.

Decided Dec. 14, 1992.

*Jay D. Revelson,* for appellee.

*Batsche & Peters* and *Erik A. Peters,* for appellant.

JONES, Presiding Judge.

In August 1988, Dan Moreland obtained a franchise from Kubota Tractor Corporation to sell farm equipment and machinery. A Kubota representative tried to persuade Moreland to take over the existing Kubota dealership in the area, Davis Implement Supply Co., Inc., a company owned and operated by Gene Davis. Moreland refused to take over Davis' company, which had gone out of business due to financial setbacks, and formed his own corporation, Central Line Tractor & Equipment Company ("Central"), with himself as sole shareholder. Farm equipment and machinery charged to Davis, but owned by Kubota, was transferred to Central and charged as a floor plan. At Kubota's suggestion, Central hired Davis as a vice-president and salesman.

In early October 1988, Davis gave a $7,500 credit to a customer for a 1050 John Deere tractor the customer traded in towards the purchase of a new Kubota tractor. On October 21, 1988, Davis sold the John Deere tractor and other equipment and machinery to defendant-appellant, Robert Rapp, for $9,236.25. When appellant tendered a check for $2,236.25 as payment for the purchase, Moreland discovered that Davis gave appellant "credit" for the balance of $7,000, an amount Davis owed appellant for earlier business dealings between the two. Moreland was not present at the dealership when Davis and appellant consummated the deal. Moreland immediately disavowed the $7,000 credit once he discovered what Davis had done.

Approximately six months later, Central cashed appellant's check "under protest" and filed suit to recover the balance. Following a bench trial in Warren County Common Pleas Court, the trial court granted judgment for $7,000 to

Central. In a timely appeal, appellant submits the following four assignments of error for review:

Assignment of Error No. 1:

"The trial court's finding that the transfer of inventory from Davis Implement Supply to Central Line Tractor & Equipment Company on or about August 22, 1988 was not a bulk transfer, was against the manifest of the evidence."

Assignment of Error No. 2:

"The trial court erred in ruling that Robert Rapp had no right to pursue, secure and retain credits, in the amounts owed him by transferor, Davis Implement Supply, against purchase of farm implements in possession of transferee, Central Line."

Assignment of Error No. 3:

"The trial court erred in disregarding satisfaction of plaintiff's claim by virtue of invoice and receipt of payment in full executed by vice-president of plaintiff corporation acting with full apparent authority."

Assignment of Error No. 4:

"The trial court erred in permitting plaintiff Central Line to repudiate satisfaction of claim, after retaining check six (6) months before negotiation 'under protest' so as to delay and defeat Robert Rapp's continuing rights as creditor in the merchandise, until barred by Section 1306.09, O.R.C."

■ Appellant's first, second and fourth assignments of error concern the bulk transfer provisions of the Uniform Commercial Code, codified in R.C. Chapter 1306. The trial court concluded that R.C. Chapter 1306 was inapplicable to the case at bar and that appellant, as a creditor of Davis Implement Supply Co., had no right to secure credits against equipment in Central's possession.

■ A "bulk transfer" is defined as " * * * any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the [transferor's] * * * inventory * * *." R.C. 1306.01(A). The purpose of laws governing bulk transfers is to protect the unpaid seller of merchandise and goods from a sale by a merchant of his stock and inventory, otherwise than in the ordinary course of trade. *Harper & Kirschten Shoe Co. v. S. & B. Shoe Co.* (1922), 16 Ohio App. 387, 393. Where a bulk transfer occurs, the failure to comply with those provisions pertaining to the preparation of property schedules and a list of creditors, R.C. 1306.03, and notice to creditors, R.C. 1306.04, renders the transfer ineffective as to those creditors not properly noticed. These creditors may disregard the transfer and levy on the transferred goods by appropriate legal proceedings. See R.C. 1306.03, Official Comment 2 to UCC 6–104.

Appellant argues that R.C. Chapter 1306 applies to the case at bar and, as a creditor who did not receive adequate notice of the bulk transfer, he may levy on those goods Davis transferred to Central. We disagree.

The record reflects that appellant provided farm implements and other machinery to Davis, who attempted to sell them on appellant's behalf. The record also demonstrates that when Davis' company went out of business, those tractors and machinery that Kubota owned but had provided and charged to Davis on a floor plan were transferred to Central under similar arrangements and did not constitute a transfer of assets from Davis to Central subject to R.C. Chapter 1306.

Even if appellant is correct in his claim that the bulk sales provisions apply, appellant failed to comply with the law in two major respects. First, appellant did not take appropriate legal proceedings to recover from Central; he simply engaged in a self-help remedy and removed several pieces of Central's property without Moreland's knowledge and consent. Second, the 1050 John Deere tractor, the specific item appellant took in exchange for the $7,000 credit Davis owed appellant, was never part of Davis' inventory, but was received by Central as a customer trade-in.

■ Judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Having reviewed the record herein, we agree that the transfer of assets from Davis' company to Central was not covered by R.C. Chapter 1306 and that appellant had no right to pursue his claims as a creditor of Davis against Central. The trial court's decision is not against the manifest weight of the evidence.

We also reject appellant's claim that Central's conduct in retaining his check for six months denied appellant his opportunity to pursue a bulk transfer claim under R.C. 1306.09, which places a six-month statute of limitations on such actions. Having found R.C. Chapter 1306 inapplicable, Central's conditional negotiation of appellant's check cannot preclude an action which appellant did not have.

For the reasons set forth above, appellant's first, second and fourth assignments of error are overruled.

In his third assignment of error, appellant claims that Central is estopped from asserting its claim for $7,000 because Davis, acting as Central's agent, prepared an invoice for the transaction reflecting a $7,000 credit. It is appellant's position that Davis, as an employee and vice-president, had the authority to bind Central as its agent.

When Moreland discovered the credit Davis gave to appellant, he quickly disavowed it and demanded that Davis collect full payment. Moreland also testified that Davis had no authority to extend credit to any customer, especially for Davis' own debts. Thus, Davis' transaction with appellant constituted an unauthorized act which cannot bind Central, as the principal, unless it was done with Central's full knowledge and understanding accompanied by a manifestation of the principal's intention to ratify the unauthorized transaction. *Meyer v. Klensch* (1961), 114 Ohio App. 4, 18 O.O.2d 261, 175 N.E.2d 870.

The burden to prove the existence of an agency relationship lies with the party who asserts the agency's existence. *Avon Lake City School Dist. v. Ohio Dept. of Taxation* (1989), 55 Ohio App.3d 171, 174, 563 N.E.2d 754, 758. The evidence presented below fails to show that Davis' extension of credit to appellant was authorized by Moreland or Central, and indicates that the extension of credit was promptly repudiated. Since neither Moreland nor Central ratified Davis' unauthorized act, there is no agency relationship and Moreland and Central were not estopped from asserting a claim against appellant for the $7,000 balance. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and WALSH, JJ., concur.